**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TAM SU, JEAN ADAMS, CARL AHLUND, KEITH THOMAS ALEXANDER, RAY DEREK ALLMON, JAY M. ANDERSON, MARK I. BENKO, JASON BENNETT, MAURICE E. BENNETT, JASON BRETZ, CHRISTOPHER BROMBY, DENNIS A. BROWN, BENJAMIN T. BURBANK, MICHAEL J. CASALINO, SUNG CHUNG, THOMAS P. CINQUEGRANO, CHRISTOPHER F. COLON, KATHERINE M. COYLE, JOSHUA DAVIS, SEAN DIEHL, DANTE S. DUPHORNE, MATTHEW GENE TEH ENG, JAY K. EPPERSON, RYAN A. FARAJI, JESSE D. GAZAWAY, DAVID ANTHONY GIBSON, ROBERT SCOTT GILBERT, DAVID JOHN GRECO, TRAVIS J. GRIGGS, JEREMY GRITTON, PAUL HARGRAVE, JONATHAN ALAN HAWKINS, CHEN-YU HSIEH, OMAR JAMAL, IL HYANG JANG, AARON C. JEROMIN, INGVAR YMIR JONSSON, DAVID R. KEIMACH, JOSEPH NATHAN KENNEDY, DAVID HUDSON KERR, SUK RAE KIM, ANDREW PAUL KINCAID, RONEN LANOVOI, MYUNG HEE LEE, JEANNE M. LITTOOY, RYAN JAMES MANSFIELD, JEFFERY MARTIN, KAREN J. MATHIESON, PAUL M. MCDONALD, JONATHAN ADAMS MEILIKE, JASON MONTGOMERY, WOO-HYUN NAM, MURTAZA NEMAT ALI, HIEN T. NGUYEN, MICHAEL D. PAVLOVICH, MICHAEL E. PEDRO, JORDAN RUTLEDGE PITTS, JEFF T. POOLE, CESAR G. RODRIGUEZ, JANCE A. RUBINCHIK, MICHAEL D. SAFIANOFF, JULIUS SANTIAGO,

**MONIKA SAWYER, BRADFORD A. SMITH,
MARK STEFANOWICZ, JASON A. STEMPEL, RYAN J. TAYLOR, YUN-PING TING, KENNETH ANDREW TRUNK, KYLE VANNOY, SCOTT ANDREW VANWAGONER, DAVID ALLEN WADE, ZACHARY C. WILSON, TAESIK YANG, SHANNON L. YATES, AND IAN J. YONIKA,**

       **Plaintiffs,**

**-vs-**               **Case No. 6:05-cv-131-Orl-28JGG**

**ELECTRONIC ARTS, INC.,**

       **Defendant.**

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for hearing on August 15, 2006 on the following motion:

> **MOTION:**  **PLAINTIFFS' CONSENT MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT, AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AND AN INCENTIVE PAYMENT TO REPRESENTATIVE PLAINTIFF TAM SU (Doc. No. 60)**
>
> **FILED:**  **August 1, 2006**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I. BACKGROUND**

  Plaintiff Tam Su filed a complaint on January 24, 2006, in which he sought to hold Defendant Electronic Arts, Inc. ["EA"] liable under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.

§ 216(b) ("FLSA") for failing to pay them overtime wages for his work as an Associate Artist for EA. Docket No. 1. On November 9, 2005, Plaintiff Su filed the first amended complaint seeking back pay and liquidated damages under the FLSA on behalf of Su and "all other persons employed by EA [in Florida] as Assistant or Associate Artists[.]" Docket No. 33 at 1. At that time, Plaintiff Su did not know the identities of the other potential plaintiffs to this action, and wished to send notice of this action to all potential plaintiffs and allow the to join the case. *See id.* at 8, ¶ 41. Defendant timely filed its answer and affirmative defenses, in which EA denied that it owed back wages, and asserted that Plaintiff was exempt from the FLSA. Docket No. 34.

### A.     Preliminary Agreement

Su and Defendant subsequently reached a preliminary agreement to settle all claims in this action on behalf of himself and any other Associate Artist who wished to "opt in" as a plaintiff to this action. Under the terms of the preliminary agreement, Defendant would pay $785,000 into a "Settlement Fund." *See* Docket No. 44, Ex. 2 at 10, ¶ 46 (proposed settlement agreement). Su and Defendant agreed to hire nonparty Rosenthal & Company [the "Settlement Administrator"] to notify all potential plaintiffs of their option to join the case and claim a portion of the Settlement Fund. *See id.* at 11-12. Potential plaintiffs are "all [people] employed by Defendant in the State of Florida as an Assistant Artist or an Associate Artist at any time between April 30, 2003 and October 30, 2005." Docket No. 42-1 at 1. On April 12, 2006, the Court authorized notification procedures,[1] ordered Su's

---

[1] The Court ordered the Settlement Administrator to mail notice and opt-in forms to potential plaintiffs on or before April 25, 2006. The Court also approved the forms sent to potential plaintiffs: the Notice, Opt-In and Notice of Consent Form, and Claim Form. *See* Docket Nos. 50-2, 50-3, 50-4. If the Postal Service returned the mailings as undeliverable, the Settlement Administrator was to attempt to update the addresses using internet databases. Docket No. 50-1 at 2, ¶ 2. The Notice required potential plaintiffs to return the opt-in and claim forms to the Settlement Administrator no later than June 26, 2006. *Id.* at 3, ¶ 3. The Court further ordered any person who wished to object to any aspect of the proposed settlement to mail objections to Su's counsel on or before July 15, 2006. *Id.*, ¶ 4.

counsel to file an amended complaint on behalf of all plaintiffs who chose to join the case, and set a hearing on final approval of the FLSA settlement for August 15, 2006 at 9:30 AM.  Docket Nos. 50, 51.

On July 25, 2006, Su's counsel filed a second amended FLSA complaint and a notice of appearance on behalf of seventy-six plaintiffs, including Su ["Plaintiffs"].  Docket No. 53.  Seventy-six out of 110 potential plaintiffs chose to join this action.  Docket No. 55-1 at 4, ¶ 21.  None of the potential plaintiffs objected to the proposed settlement agreement.  Docket No. 52 at 2; *see also* Docket No. 55-1 at 4, ¶ 19.

### B.     Motion for Approval of Settlement

The parties have agreed to apportion the Settlement Fund ($785,000) as follows: 1.) $482,320.15 to the individual plaintiffs as back wages; 2.) $120,000 to Plaintiffs' counsel in attorneys' fees and costs; 3.) $20,368.22 to nonparty Rosenthal & Company, the settlement administrator, as settlement administration costs; and 4.) $10,000 to Plaintiff Tam Su as an incentive fee for his efforts in initiating this action.  Docket No. 60-1 at 5.  Defendant intends to pay a total amount of $632,688.37, and to keep the rest of the Settlement Fund ($147,311.63).  *See* Docket No. 44, Ex. 2 at 19, ¶ 73.  Each plaintiff's share is based on his or her total salary earned from April 30, 2003 to October 30, 2005 divided by the total salary of all potential plaintiffs earned during that time period.  *Id.* at 15-16, ¶¶ 60-61.  The *average* payment per plaintiff is $6,346.32.  Docket No. 60-1 at 5.  Payments to each plaintiff range from $619.12 to $16,037.46.  *See* Docket No. 64 (Plaintiffs' Exhibit No. 1).

With the consent of Defendant, Plaintiffs now seek final approval of: 1.) the proposed settlement agreement; 2.) the $120,000 award of attorneys' fees and costs to Plaintiffs' counsel; 3.)

the payment of $20,368.22 to the settlement administrator; and 4.) the payment of $10,000 to Plaintiff Tam Su as an incentive fee. Docket No. 60. All parties contend that the settlement agreement and award of fees and costs are a fair and reasonable resolution of the case under the FLSA and case law related to class action settlements. On August 15, 2006, the undersigned conducted a hearing on the motion for final approval of the settlement. Plaintiff Tam Su and counsel for Plaintiffs and Defendant appeared, and asked that the Court grant the motion and approve the settlement agreement and payment of costs and fees.

## II.   THE LAW

### A.   Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement

in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### B.     Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the

lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[2] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and

---

[2] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## III. APPLICATION

### A. Payments to Plaintiffs

Plaintiffs allege that they were not paid overtime wages for their work as Associate Artists for Defendant EA. Defendant denied these allegations, and asserted that Plaintiffs were exempt from the FLSA overtime provisions. Docket Nos. 23 at 8, ¶ , 34 at 7, ¶. This case involves a bona fide dispute as to liability and the amount owed.

As stated earlier, Defendants will pay a total of $482,320.15 to the individual plaintiffs as back wages, and the *average* payment per plaintiff is $6,346.32. Docket No. 60-1 at 5. None of the Plaintiffs or potential plaintiffs objected to the proposed settlement. The Court has examined the amount to be paid to each individual plaintiff, and finds that the amounts represent a reasonable and fair resolution of the claims. *See* Docket No. 64 (Plaintiffs' Exhibit No. 1).

Further, in terms of fairness of the settlement, each party was independently represented by counsel. Counsel were obligated to vigorously represent their clients' rights. Based on the conduct

at two hearings before the undersigned, and on the amounts to be paid into the Settlement Fund and to each plaintiff, there is no suggestion of collusion. In fact, the Settlement Agreement is the product of extensive negotiation between counsel, not just in this Florida action, but in a prior California state action for overtime wages on behalf of Associate Artists at EA in California. *See* Docket Nos. 44, Ex. 2 at 7, ¶ 39, 60-1 at 7. Both parties are satisfied that the judgment was a fair and reasonable resolution of this action. *See* Docket No. 60-1 at 7-8. The Court finds that, given the risks and cost of continued litigation, entry into the settlement agreement in favor of certainty was fair and reasonable.

### B. Attorneys' Fees and Costs

Counsel for Plaintiffs seek a total of $120,000 in attorneys' fees and costs combined. As support, Plaintiffs submitted a billing invoice, an itemized charts, and an affidavit detailing the actual fees and costs of Plaintiffs' counsel. *See* Docket No. 64 (Plaintiffs' Exhibit Nos. 2, 3); *see also* Docket No. 60, Ex. 2 at 7-11. Plaintiffs' counsel claims a total of $150,711 in attorneys' fees, and $2,193.63 in costs. *Id.* Local counsel for Plaintiffs expended 35.2 hours at a billing rate of $275 or $250 per hour. *See* Docket No. 64 (Plaintiffs' Exhibit No. 2). Counsel for Plaintiffs from Boston, Massachusetts (appearing *pro hac vice*) expended 302 hours at a billing rate of between $640 and $230, depending on the attorney working on the case. *See id* (Plaintiff's Exhibit No. 3). Paralegals for Plaintiffs' counsel expended 32.6 hours at a billing rate of $160. *See id.*

As stated earlier, the Court has a duty, as part of the fairness determination, to determine the reasonableness of the proposed attorneys' fees. The FLSA contains a fee-shifting provision. 29 U.S.C. § 216(b) (an award of "reasonable attorneys' fee[s] . . . and costs" is mandatory if the employer is held liable). In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute or a statute with a fee-shifting provision, the "lodestar" is generally recognized as a reasonable fee.

*City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).[3]

In this case, the billing rates for Plaintiffs' Boston counsel and for paralegals of $640 and $160, respectively, appear excessive. However, Plaintiffs seek *less* that the actual fees and costs expended. The Court finds that the reduction from actual fees and costs ($152,904.63) to the amount sought ($120,000) properly discounts the excessive rates. The Court also finds that because Plaintiffs' Boston counsel litigated the prior California state action (seeking overtime wages on behalf of California artists who worked for EA), counsel was in a unique position to efficiently and effectively negotiate settlement in this action.[4]

---

[3] Plaintiffs also argue that the attorneys' fees were reasonable under the "percentage value" approach used in "common fund" class actions, not under the lodestar approach used in fee-shifting cases. Docket No. 60 at 11-13. In *Camden I Condominium Association, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), the United States Court of Appeals for the Eleventh Circuit held that "in this circuit, attorneys' fees awarded from a common fund shall be based upon **a reasonable percentage of the fund** established for the benefit of **the class**." *Camden I*, 946 F.2d at 774 (emphasis added). *Camden I*, unlike this case, involved a certified class action, and did not involve a fee-shifting statute. *Id.* at 770. Further, in that case, the Eleventh Circuit states that "[t]he lodestar analysis shall continue to be the applicable method used for determining statutory fee-shifting awards." *Id.*

Nonetheless, assuming *arguendo* that the percentage-value approach is appropriate, an award of $120,000 is reasonable as well. In *Camden I*, the Eleventh Circuit noted that the majority of common fund fee awards fall between twenty and thirty percent of the common fund, and "an upper limit of 50% of the fund may be stated as a general rule, although even larger percentages have been awarded." *Id.* at 775-75. A number of district courts use twenty-five percent as a "bench mark" reasonable percentage fee. *Id.* at 775. In this case, $120,000 in fees and costs is 15.3 percent of $785,000 the total settlement fund. Docket No. 60 at 11.

[4] The Eleventh Circuit looks to skill as the ultimate determinate of compensation level because experience and reputation are a mirror image of skill. *Norman*, 836 F.2d at 1300. Skill is evidenced by an attorney's initial case assessment, continuing negotiation and settlement attempts, persuasiveness, and other fundamental aspects of organization and efficiency. *Norman*, 836 F.2d at 1300 - 1301. Organization means that counsel plans effective

Further, Defendant does not contest the number of hours, the billing rate, or amount of attorney's fees and costs. In fact, Defendant joins in moving for entry of judgment, and stated that it believes that the attorney's fees are reasonable. The Court, therefore, accepts the parties' stipulation, and finds that an award of $120,000 in attorneys' fees and costs is reasonable.

### C.     Settlement Administration Costs and Incentive Fee to Plaintiff Tam Su

After consideration of the estimated invoice and declarations submitted by Plaintiffs, the undersigned finds that $20,368.22 for settlement administration costs is fair and reasonable. *See* Docket Nos. 60, Ex. 2 at 13 (itemized breakdown by settlement administrator). The amount to be paid to the nonparty settlement administrator would ordinarily be a cost incurred by Plaintiffs' counsel. The delegation of settlement administration to the neutral nonparty was an efficient way to find and notify potential plaintiffs.

In addition, all parties urge this Court to award $10,000 as an incentive fee to Plaintiff Tam Su. In his testimony at the August 15, 2006 hearing, Su (currently residing in California) testified that he used four vacation days to travel and attend the two hearings in this case, and that he currently earns $500 per day. Su also stated that he initiated this litigation against EA, despite fearing that his career in the video game industry would be adversely affected. *See* Docket No. 60, Ex. 4. In light of the risks associated with initiating litigation against his former employer and the time and effort spent as the lead plaintiff in this case, the Court finds that the incentive fee is fair and reasonable.

---

discovery devices and does not use them randomly or for the mere purpose of going through established routines. Efficiency means doing exactly what needs to be done in a minimum time. *Norman*, 836 F.2d at 1301.

**IV.     CONCLUSION**

Accordingly, it is **RECOMMENDED** that:

1.) Plaintiffs' Consent Motion for Final Approval of Proposed Settlement and an Award of Attorneys' Fees and Costs and an Incentive Payment to Representative Plaintiff Tam Su [Docket No. 60] be **GRANTED**;

2.) the Settlement Agreement [Docket No. 44, Ex. 2] be **APPROVED**;

3.) the amount of attorneys' fees and costs, settlement administration fees, and incentive award to Plaintiff Tam Su [Docket No. 60-1 at 2, 5] be **APPROVED**;

4.) the case be **DISMISSED** with prejudice; and

5.) the Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 29, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy